UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH L. PLANTE,
        Plaintiff,                    **DECISION & ORDER**
                                             16-CV-6658
     v.

NANCY A. BERRYHILL,
        Defendant.
_____

**Preliminary Statement**

Plaintiff Joseph Luke Plante ("plaintiff") brings this action pursuant to Title XVI of the Social Security Act seeking review of the final decision of the Commissioner of Social Security (the "Commissioner") denying his application for disability insurance benefits. See Complaint (Docket # 1). Presently before the Court are competing motions for judgment on the pleadings. See Docket ## 10, 16. For the reasons set forth on the record and briefly summarized below, plaintiff's motion for judgment on the pleadings (Docket # 10) is **granted only insofar as the case is remanded for further proceedings consistent with this opinion.** The Commissioner's motion for judgment on the pleadings (Docket # 16) is **denied.**

**Discussion**[1]

Submission of New and Material Evidence: "Pursuant to 20 C.F.R. § 416.1470(b), the Appeals Council must consider additional evidence that a claimant submits after the ALJ's decision if it is new, material, and relates to the period on or before the ALJ's decision." Hollinsworth v. Colvin, No. 15-CV-543-FPG, 2016 WL 5844298, at *3 (W.D.N.Y. Oct. 6, 2016). Where "the additional evidence undermines the ALJ's decision, such that it is no longer supported by substantial evidence, then the case should be reversed and remanded." Webster v. Colvin, 215 F. Supp. 3d 237, 244 (W.D.N.Y. 2016).

Plaintiff contends first that the new and material evidence of plaintiff's mental health (Administrative Record, Docket # 8 ("AR"), at 45-55, 73-83) that the Appeals Council (the "AC") accepted into the record contradicted the Administrative Law Judge's (the "ALJ") finding at Step Two that plaintiff's mental health conditions were not severe. Second, plaintiff claims that the AC improperly rejected other new and material evidence solely because the evidence was dated after the ALJ's decision.

I agree with plaintiff. The AC erred in summarily rejecting the August 15, 2015 and March 8, 2016 treating physician records

---

[1] The Court assumes familiarity with plaintiff's medical history, the ALJ's underlying decision, and the standard of review.

2

and opinions of Dr. Koretz based on the fact that they were "about a later time." In what seems to be "boilerplate" language devoid of any substantive discussion, the AC concluded that this "new information is about a later time . . . [and t]herefore, it does not affect the decision about whether you were disabled beginning on or before April 23, 2015." AR at 2.

"The Appeals Council must accept the evidence so long as it is new, material, and relates to the period on or before the date of the ALJ's decision." Hightower v. Colvin, No. 12-cv-6475, 2013 WL 3784155, at *3 (W.D.N.Y. July 18, 2013). The medical opinions that the AC refused to consider here are clearly new and material. Based on my review of the record, I also find that these records quite plausibly pertain to treatment during the relevant time period.

"It is well-established that 'medical evidence generated after an ALJ's decision cannot be deemed irrelevant solely because of timing.'" Siracuse v. Colvin, No. 14-CV-6681P, 2016 WL 1054758, at *7 (W.D.N.Y. Mar. 17, 2016) (quoting Newbury v. Astrue, 321 F. App'x 16, *2, n.2 (2d Cir. 2009)). "Additional evidence may relate to the relevant time period even if it concerns events after the ALJ's decision, provided the evidence pertains to the same condition previously complained of by the plaintiff." Hightower,

2013 WL 3784155, at *3.

In Webster v. Colvin, 215 F. Supp. 3d 237 (W.D.N.Y. 2016), Judge Geraci examined whether the AC's "categorical refusal to consider new and material evidence solely because it was created after the ALJ's decision" was reversible error. Id. at 242. There, the court acknowledged that the new evidence of plaintiff's back condition could demonstrate that the condition worsened, or it could clarify a pre-hearing disability and suggest that the condition during the relevant time period was worse than previously thought. Id. at 243. The court ultimately determined that it could not "assess whether the new evidence relate[d] to the period on or before the ALJ's decision," but that the AC's "cursory, formulaic rejection of the evidence simply because it was generated after the ALJ's decision, without any legal or factual reasoning, is insufficient." Id.

Similarly, here, the AC appears to have summarily rejected Dr. Koretz's opinions simply because they were "about a later time," without analyzing whether the substance of the opinions was related to plaintiff's pre-hearing medical deficits. See AR at 2. The Court cannot determine whether these opinions, like those in Webster, represent a clarification of plaintiff's condition during the relevant time period. This was not harmless error. Dr. Koretz was plaintiff's treating doctor. Indeed, had the AC accepted Dr.

4

Koretz's opinions, they would undermine the ALJ's decision. Dr. Koretz opined first that plaintiff could walk and stand for 1-2 hours and sit for 2-4 hours. AR at 77. Less than a year later, Dr. Koretz opined that plaintiff could only walk, stand, and sit for 1-2 hours. AR at 52. These opinions stand in stark contrast to the assigned RFC that plaintiff could work full-time and would need only to change position every 20 minutes. AR at 101. Under Dr. Koretz's most restrictive opinion, plaintiff would not be able to – as the RFC suggests – "change position every 20 minutes, sitting or standing for two minutes before returning to his original position." Id. Consequently, this matter must be remanded to the Commissioner for appropriate consideration of this new evidence.

In addition to considering the new evidence generated by plaintiff's treating physician, on remand the ALJ should also specifically consider and evaluate the weight that should be assigned to the opinion of Dr. Eurenius. Plaintiff asserts that the ALJ's failure to assign any specific weight to Dr. Eurenius's opinion that plaintiff could stand and walk for no more than four hours each and could sit for more than four hours (AR at 104) was error.

As Judge Wolford recently explained:

> Remand is required when an ALJ fails to adequately evaluate the weight of a medical opinion in light of the factors set forth in 20 C.F.R. § 404.1527(c). See, e.g., Evans v. Colvin, 649 Fed. Appx. 35, 39, 2016 WL 2909358, at *3 (2d Cir.2016); Lesterhuis v. Colvin, 805 F.3d 83, 88 (2d Cir. 2015). "Such an error ... requires remand to the ALJ for consideration of the improperly excluded evidence, at least where the unconsidered evidence is significantly more favorable to the claimant than the evidence considered." Zabala v. Astrue, 595 F.3d 402, 409 (2d Cir.2010); see, e.g., Snell v. Apfel, 177 F.3d 128, 134 (2d Cir.1999).

Barrett v. Colvin, 211 F. Supp. 3d 567, 581 (W.D.N.Y. 2016) (finding failure to assign weight to opinions of non-treating sources error).

It is true that an ALJ's failure to assign weight to a specific opinion may be harmless error where it is clear the ALJ's decision reflects the medical opinion. Swain v. Colvin, No. 14-cv-869, 2017 WL 2472224, at *3 (W.D.N.Y. June 8, 2017). But here, it is not at all clear that the RFC actually reflects Dr. Eurenius's opinion. Dr. Eurenisus's opinion may support some iteration of the assigned RFC, namely, that plaintiff would need to sit for 20 minutes and then stand for a few minutes. Nevertheless, the opinion of Dr. Eurenius is more restrictive than the RFC assigned and thus the ALJ must have rejected at least part of the opinion. As a result, on remand, the ALJ should specifically address Dr. Eurenius's opinion and assign it some level of weight with an appropriate explanation.

## **Conclusion**

For the above reasons, plaintiff's motion for judgment on the pleadings (Docket # 10) is **granted insofar as this matter is remanded back to the Commissioner for further proceedings.** The Commissioner's motion for judgment on the pleadings (Docket # 16) is **denied**.

                                               /s/Jonathan W. Feldman
                                                    JONATHAN W. FELDMAN
                                    United States Magistrate Judge

Dated:    December 18, 2017
             Rochester, New York